UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 24 2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Joey Sherman ) | |
| ) | |
| ) | CIVIL ACTION |
| (Name of the plaintiff or plaintiffs) ) | |
| v. ) | N |
| ) | 12CV8545 |
| Tribune Media Group ) | JUDGE PALLMEYER |
| ) | MAG. JUDGE GILBERT |
| (d/b/a Chicago Tribune Media Group) ) | |
| ) | |
| (Name of the defendant or defendants) ) | |

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

1. This is an action for employment discrimination.

2. The plaintiff is Joey Sherman of the county of Cook in the state of Illinois.

3. The defendant is Tribune Media Group (d/b/a Chicago Tribune Media Group), whose street address is 435 North Michigan Avenue,

(city) Chicago (county) Cook (state) Illinois (ZIP) 60611

(Defendant's telephone number) (312) – 222-3283

4. The plaintiff sought employment or was employed by the defendant at (street address)

435 North Michigan Avenue (city) Chicago

(county) Cook (state) Illinois (ZIP code) 60611

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,
   (month) October, (day) 4, (year) 2011.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☒ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☒ the United States Equal Employment Opportunity Commission, on or about

   (month) September (day) 29 (year) 2011.

   (ii) ☐ the Illinois Department of Human Rights, on or about

   (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and
   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____ (day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ YES ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ YES ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) July_____ (day) 30_____ (year) 2012_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was hired by the Defendant in February, 2010, and an Events and Sponsorship Development Account Executive with the Advertising Department.

In varying degrees until I was terminated, starting in or about October 2010, and increasingly after I lodged a complaint for sex discrimination with

Defendant's Human Resource Dept. around that time, Respondent subjected me to different terms and conditions of employment than my co-workers,

including, but not limited to, a loss of authority, the impositions of a probationary period and loss of revenue and resulting commissions.

On February 16, 2011 I was discharged. I believe that I have been discriminated against because of my sex, male, and in retaliation for filing a

complaint of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended. "See additional page"

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. [X] YES  [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) [ ] Direct the defendant to hire the plaintiff.

    (b) [ ] Direct the defendant to re-employ the plaintiff.

    (c) [ ] Direct the defendant to promote the plaintiff.

    (d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) [X] Direct the defendant to (specify): _____

_____

_____

_____

_____

(g) [x]  If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [x]  Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_[signature]_____

(Plaintiff's name)

Joey Sherman
_____

(Plaintiff's street address)

2909 North Sheridan Road
_____

Unit # 304
_____

(City) Chicago          (State) Illinois          (ZIP) 60657

(Plaintiff's telephone number) ( 773 ) – 606-3113

Date: October 23, 2012

6

Item 13 continued

I was provided a base salary $90,000 annually, plus a commission structure of 15% on any revenue generated beyond my annual goal of $500,000 annually.

When I began with the Plaintiff I was unilaterally moved to the New Business Development Team instead of being placed on the Events and Sponsorship team. Annie Abrams was instead moved into a position on the Events and Sponsorship team representing what my agreed upon role and position was supposed to be. I worked hard to identify new account possibilities but was frustrated by the lack of information from the company. I found it difficult to "sell" without knowing the details about what he was selling. I voiced my frustrations to (among other people) Kathy Manilla, one of my superiors.

On October, 4, 2010, Ms. Manilla and I were discussing strategies to improve my ability to sell and Ms. Manilla told me, without explanation or context: "Now I know why everyone thinks you are sexist." I was offended by the comment, which I made clear to Ms. Manila. I immediately reported the incident to Griselda Silva in the Tribune's human Resource Department. Ms. Silva recommended that I confront Ms. Manilla about the comment to find out what she meant by it. Folowing Ms. Silva's advice, I met with Ms. Manilla and asked for an explanation for her baseless accusation. She subsequently attributed the remark to Haley Carlson 9Schafer), the manager of the Event and Sponsorship Team with the Plantiff. Upon further advice from Ms. Silva I asked if Ms. Manilla would mediate a conversation with Haley to further investigate the source of this accusation to which Ms. Manilla declined. Regardless of the origin of the comment and in light of Ms. Manilla's adoption of the remark, I felt that my supervisor was discriminating against me and treating me differently than women were treated in the female – dominated office setting.

On October 5, 2010 I formally complained to Ms. Silva to complain of the discriminatory statement and being treated differently by Kathy Manilla, Haley Carlson (Schafer) and Mary Neistrom. Although this was the first time that I contacted the Human Resource Department about this instance, I also raised issues with my direct manager, Tom Schager prior to contacting Human Resources. When I also contacted the Human Resource Department I also expressed concerns about being retaliated against for complaining to Human Resources. Although it is unclear to us at this time exactly what happened, Human Resources gave the appearance of having opened an investigation, yet nothing substantive was done to address my complaints or to modify behavior so as to avoid similar treatment in the future. Indeed, it appears that Human Resources involved Ms. Manilla and was assisting her in setting me up for termination. Shortly thereafter, as anticipated by me I was retaliated against by Ms. Manilla and others whom she engaged to effect her improper actions.

Concurrently with these events, I repeatedly complained Tom Schager, Robert Fleck and others that I was not provided sufficient information about events and sponsorship opportunities in order to "sell" these events and opportunities to clients. I was repeatedly told by Mr. Schager and others that the information was not ready or available, yet it seems that, at that same time, Ms. Abrams was getting the resources that I was seeking. I also identified certain tools that were available to others (namely, the media kit and the ability to use TRG to setup sales calls) and which I expressly requested, but was denied. It is my belief that Ms. Abrams and perhaps other female employees working at the Tribune had access to information that would be necessary to build the media kit, including meetings about the event and other tools that I had requested.

Notwithstanding this lack of resources, I delivered a large contract to the Tribune. Specifically, I learned of an opportunity for financial institutions to partner with Zizo for certain upcoming events. I spoke to Judi Rice at Harris Bank, one of his contacts (and a contact previously unknown to the plaintiff) about the opportunity. Ms. Rice attended the initial meeting with the plaintiff and, at that meeting, specifically announced that her attendance was due to my efforts.

Instead of recognizing the contract that I brought to the Tribune, on January 12, 2011, I was put on probation and was assigned three goals to maintain his employment. The three goals Were: (1) Generate $20,000 in revenue that is incremental business for TMG business units; (2) Demonstrate 8 to 16 clients in the pipeline with credible revenue opportunities before February 9th with the ability to hit the full year revenue goal of $500,000 based on closed business; and (3) Submit a plan of action to outline quarterly, annual objectives, due January 21.

I met these goals. Harris Bank ended up signing a 3-year, $3.9 million deal with the plaintiff. The plaintiff, however, refused to give me any credit for this deal. I brought in incremental revenue by introducing his client Judi Rice to the opportunity that the plaintiff had for Harris Bank to purchase, he built up an active pipeline between 8 to 16 clients that showed potential incremental revenue for the plaintiff's business unit and had already submitted and received approved for a 2011 action plan prior to the January 21st deadline,

On February 16, 2011, without even addressing whether I met the goals assigned to him the month before, Mr. Schager terminated my employment. During the termination, Mr. Schager gave multiple inconsistent rationales for the decision. He first explained that the termination was for failing to meet the goals identified during the January l2, 2011 meeting. When I pointed out that he had met the goals, Mr. Schager explained that the real reason was that the company "Wasn't ready for a position like mine."

It is clear that my employment was terminated despite having met the goals set forth on January 12, 2011, and that it happened because certain of my colleagues were discriminating against me and/or were retaliating against me because of my complaints of discrimination to Human Resources. It is also clear that I was not paid a commission for the Harris Bank contract, which for 2011 alone, would have netted me $40,000.

I also worked diligently to rind replacement employment, yet was unemployed for many months and ultimately had to accept a position that pays significantly less in annual salary than what I was making when I worked for the plaintiff. My lost compensation while I was unemployed is $30,500. In addition to my unpaid commission of $120,000, damages, and attorney's fees.

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joey Sherman<br>c/o Laura A. Balson, Esq.<br>GOLAN & CHRISTIE LLP<br>70 West Madison Street<br>Suite 1500<br>Chicago, IL 60602-4206 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-06154 | Catherine A. Harris,<br>Investigator | (312) 869-8097 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     7-26-12
John P. Rowe,     *(Date Mailed)*
District Director

Enclosures(s)

cc:    **TRIBUNE COMPANY**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Chicago District Office

500 West Madison St., Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and mailed to the address above or faxed to **(312) 869-8220**.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

* **Before filing a lawsuit**, but within 90 days of your receipt of the Right to Sue, or

* **After your lawsuit has been filed.** If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the first page of your court complaint reflecting the docket number.

If you are the Respondent you may be granted access to the file **only after** a lawsuit has been filed. **Include with your request a copy of the first page of the court complaint reflecting the docket number.**

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

Your request for access to your file will be acted upon no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Document Services, 60 East Van Buren, Suite 1502, Chicago, IL 60606, (312) 542-1300**. You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, it is recommended that you first review your file to determine what documents, if any, you want copied. EEOC cannot review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent in its entirety to the copy service, and you will be responsible for the cost. Payment must be made directly to **Aloha Document Services**.

(revised 01/03/11)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2011-06454 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Joey Sherman | 773-606-3113 | 02-20-1979 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2909 N. Sheridan Road, Unit #304, Chicago, Illinois 60657 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Tribune Media Group (d/b/a Chicago Tribune Media Group) | >500 | 312-222-3283 |

| Street Address | City, State and ZIP Code |
|---|---|
| 435 N. Michigan Ave., Chicago, Illinois 60611 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Oct. 2010   Latest: Feb. 2011
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent in February, 2010, as an Events and Sponsorship Development Account Executive with the Advertising Department.

In varying degrees until I was terminated, starting in or about October 2010, and increasingly after I lodged a complaint for sex discrimination with Respondent's Human Resource Dept around that time, Respondent subjected me to different terms and conditions of employment than my co-workers, including, but not limited to, a loss of authority and opportunity, the imposition of a probationary period and loss of revenue. On February 16, 2011, I was discharged.

I believe that I have been discriminated against because of my sex, male, and in retaliation for filing a complaint of discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

SEP 29 2011

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

9/29/11 — *Joey S.* (Charging Party Signature)

NOTARY – *When necessary for State and Local Agency Requirements*
CHICAGO DISTRICT OFFICE

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

{00123656.DOC /}

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

**THE PARTICULARS ARE** *(If additional paper is needed, attach extra sheet(s))*:








| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and L1.ocal Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>9/29/11   *[signature]* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

{00123656.DOC /}

## Information on Where to File Suit

You have been notified of your right to file suit in Federal District Court. Suit is ordinarily filed in the District Court having jurisdiction of the county in which the employer, against whom you filed a charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

**U.S. District Court**
**Northern District of Illinois**
**Eastern Division at Chicago**
219 South Dearborn Street
Chicago, Illinois 60604
312/435-5670

### Counties

| | |
|---|---|
| Cook | Kendall |
| DuPage | Lake |
| Grundy | LaSalle |
| Kane | Will |

**U.S. District Court**
**Northern District of Illinois**
**Western Division at Rockford**
211 South Court Street
Federal Building
Rockford, Illinois 61101
815/987-4355

### Counties

| | |
|---|---|
| Boone | McHenry |
| Carroll | Ogle |
| DeKalb | Stephenson |
| JoDaviess | Whiteside |
| Lee | Winnebago |

**U.S. District Court**
**Southern District of Illinois**
750 Missouri Avenue
East St. Louis, Illinois 62201
618/482-9370

and

301 West Main Street
Benton, Illinois 62812
618/438-0671

### Counties

| | |
|---|---|
| Alexander | Johnson |
| Bond | Lawrence |
| Calhoun | Madison |
| Clark | Marion |
| Clay | Massac |
| Clinton | Monroe |
| Crawford | Perry |
| Cumberland | Pope |
| Edwards | Pulaski |
| Effingham | Randolph |
| Fayette | Richland |
| Franklin | St. Clair |
| Gallatin | Saline |
| Hamilton | Union |
| Hardin | Wabash |
| Jackson | Washington |
| Jasper | Wayne |
| Jefferson | White |
| Jersey | Williamson |

**U.S. District Court**
**Central District of Illinois**
**Urbana Division**
201 South Vine
218 U.S. Courthouse
Urbana, Illinois 61801
217/373-5830

### Counties

| | |
|---|---|
| Champaign | Kankakee |
| Coles | Macon |
| Douglas | Moultrie |
| Edgar | Piatt |
| Ford | Vermilion |
| Iroquois | |

**Peoria Division**

100 N.E. Monroe Street
135 Federal Building
Peoria, Illinois 61602
309/671-7117

### Counties

| | |
|---|---|
| Bureau | McLean |
| Fulton | Peoria |
| Hancock | Putnam |
| Knox | Stark |
| Livingston | Tazewell |
| Marshall | Woodford |
| McDonough | |

**Rock Island Division**
211 - 19th Street
Rock Island, Illinois 61201
309/793-5778

### Counties

| | |
|---|---|
| Henderson | Rock Island |
| Henry | Warren |
| Mercer | |

**Springfield Division**
600 East Monroe Street
Springfield, Illinois 62701
217/492-4020

### Counties

| | | |
|---|---|---|
| Adams | Logan | Pike |
| Brown | Macoupin | Sangamon |
| Cass | Mason | Schuyler |
| Christian | Menard | Scott |
| DeWitt | Montgomery | Shelby |
| Greene | Morgan | |

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

**PRIVATE SUIT RIGHTS:**

This issuance of this Notice of Right to Sue ends EEOC's process with respect to your charge. You may file a lawsuit against the respondent named in your charge within 90 days from the date you receive this Notice. Therefore you should keep a record of this date. Once this 90-day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf; your suit should be filed well **in advance of the expiration of the 90-day period.**

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the state where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.

You may contact EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

A lawsuit against a **private employer** is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a **State agency or a political subdivision of the State** is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or, probably, the Equal Pay Act against a **State instrumentality** (an agency directly funded and controlled by the State) **can only be filed in a State court.**

A lawsuit under the Age Discrimination in Employment Act or the Americans with Disabilities Act or the Equal Pay Act against a **political subdivision of the State**, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of U.S. District Courts, please see reverse side.

IF THE FIRST THREE CHARACTERS OF YOUR **EEOC CHARGE NUMBER** ARE "21B" **AND** YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE **MUST** BE DIRECTED TO IDHR.

**ATTORNEY REPRESENTATION:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the court having jurisdiction in your case may, assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well before the end of the 90-day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within this 90-day period.

**DESTRUCTION OF FILE:**

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

5/11/2000

Tom,

I am writing to follow up on the discussion we had February 16thm 2010 wherein you told me that I failed to meet the revenue goal set forth during my hiring, as well as the three additional goals set in our January 12, 2011 meeting and that I am being penalized for.

First, at the start of this probationary period, on January 12, 2011, you stressed that my lack of hitting my revenue goal for 2010 was the reasoning for putting me on probation. I believe that this is incorrect for a couple of reasons. First, I wasn't given accurate credit for an opportunity that would have resolved this concern for my 2010 revenue goal or at the very least one of the benchmarks you have placed on me for this probationary status, achieving revenue of $20,000. With respect to this measurement, Tribune won $3.9 million ($1.3 million over 3 years) in new business revenue from a deal that Harris Bank agreed to purchased for an opportunity to partner with Tribune and Zizo. This business is a direct result from my relationships and contacts that I brought with me from the Mayor's Office of Special Events. When I started at Tribune, I was encouraged to reach out to my contacts and to help get at new pots of money. I did so, and this deal closed because I approached Judi Rice with information about this opportunity, as well as information about Printer's Row LIT Fest on April 29th, 2010. Judi Rice, a contact that Tribune never had any records of prior to my arrival at the company, stood up at the meeting that was conducted by our partner, Zizo, and stated that she was there because of my efforts to reach out to her. Tribune thought that the best way to invite people to learn about the opportunity was to invite CEOs. In Judi Rice's case, she was never filtered any information down about the opportunity from her CEO. The fact that the company is not giving me credit for this sale reflects the company's real reason for terminating me.

During our meeting on February 16, 2011 you said to me that no one believes I should get credit for this deal, however the same person who I found out about Judi Rice's actions in the meeting, Jeff Hill from our sister company WGN-AM, also told me that he believes I should receive credit for this deal.

Second, I believe that the probationary status was motivated by a totally different set of events, which I will talk more about later.

Regardless, if given credit for the Zizo/Harris Bank sale described above, I believe that I have met or exceeded the two other benchmarks as required by this probationary status, including projection reports and action plans.

I have provided you with an action plan that we reviewed and laid out on January 7, 2011. Since being put on this probationary status I have acted on several of these items. In some cases, my ability to act on them further was hindered due to pending information or resources from someone else. For example, I built out an opportunity for an auto event on Pioneer Court, however I am in a holding pattern to further this action plan item due to the Auto Show and the time that the special section has taken from Mitch Johnson, our auto account manager.

Finally, I have met the third and final benchmark as requested by you. I have grown my pipeline activity to have a min of 8-16 opportunities. In some cases, information and/or resources from Tribune

{00113658.DOC \ 2}

hindered my ability to close the business. For instance, I had several proposals out there for a sponsorship of the RedEye App. All of these opportunities have been put on hold because Michael Cahan, has stated that we don't have the appropriate marketing plan in place to pitch the clients effectively. He has said that he doesn't have a clear time of when this will be resolved. I indicated this to you on February 4, 2011 and in more detail in our meeting on February 9, 2011.

Notwithstanding these accomplishments, you claim I have not met my goals. You should know that I could have accomplished much more in sales than listed above if the company had the information and resources I have asked for repeatedly. The company made is impossible for me to sell anything more by failing to provide me with the necessary details and information that I frequently asked for. Numerous times throughout my career here at Tribune I have explained that I wasn't getting the needed information and access to the same resources that were necessary for me to accomplish the goals set for me. Our meeting with Bob Fleck, Kathy Manilla and Haley Carlson that took place October 28, 2010 was supposed to resolve these issues and it did not. On December 15, 2010 during our one-on-one meeting I once more provided you with a list of my pipeline discussions. In this meeting, as well as in previous meetings, I asked for the tools and information I need to accomplish my job, such as the Tribune Events Group media kit, a deeper knowledge as to the events that I am selling sponsorships to, access to the same information that would make me an "expert" for those given events, and sales materials in a timely manner so that I am able to inform potential clients in that same timely manner to give myself and Tribune Media Group the best chance of closing business for new revenue. I even experienced delays in getting me the needed information as recent as last week. On Thursday, February 10, 2011 I spoke with Annie Abrams about one-sheeters explaining Metromix/RedEye events, as well as Chicago Magazine Events, so that I can be able to paint a picture of the events effectively to my prospective clients. She explained to me that these too were not complete yet. It is impossible for me to sell event sponsorships without sufficient information about what I am supposed to be selling. It was not until this week that this information was finalized.

Throughout my career here I have also been given mixed messages on what I can and cannot do to accomplish my goals. In that same December 15th, 2010 meeting I spoke about earlier, you expressed the need to change my pay when I asked if I could diversify the types of revenue streams I was pursuing by attempting to sell advertising and not just event sponsorships. Since the company did not want me pursuing those options, naturally I backed away from any opportunities I might have had (all of which could have helped me to achieve my revenue goals). In our January 12, 2011 meeting, when you decided it was appropriate to place me on this probationary status, I was told by you that one of the goals that I needed to accomplish by the end of this probation period was to achieve $20,000 in revenue and that this revenue could be advertising revenue.

I am attaching to this email the same list of needs for my job that I also went through during our October 28, 2010. You will probably be familiar with this list because I also provided written copies to everyone who was at this meeting. At no point during this meeting did you or anyone else say that the company wasn't built, ready or capable of giving me these needs, yet one of the reasons that you explained the company was dismissing me on February 16, 2011 was because the company "wasn't ready for a position like mine". In addition, during the October 28, 2010 meeting I made it extremely

{00113658.DOC \ 2}

obvious that Annie Abrams who is sitting on the Event and Sponsorship Team was getting these resources, as well as getting treated in a non-discriminatory manner, which I was.   This topic, on this sheet about "being in an environment that is conducive to me accomplishing my job." was unfortunately dismissed in this meeting because everyone was under the belief that issues surrounding this had been resolved already by prior meetings with HR.  Unfortunately, it appears that your actions in placing me on probationary status on January 12, 2011, as well as on February 16, 2011 are retaliation for me complaining to HR about the discriminatory treatment that I had been receiving from Kathy Manilla, Haley Schafer and Mary Neistrom.  In other words, you were put in place to do the dirty work that Kathy Manilla couldn't do here self.  Since the incident on October 4, 2011 where Kathy Manilla said to me, "Now I know why everyone thinks that you are sexist" and the subsequent meeting I had with her on October 6, 2010 in which she told me I should ask Haley Carlson about this.

Ever since I raised the complaint with HR on October 4, 2011 I have been treated differently and, shortly thereafter, was put on probation with goals that were not imposed on others, and some of which were made impossible by lack of information from the company. The probation and your terminating me are really just a cover for trying to get rid of me because of my complaints to HR.

I have a lot of contacts in the industry and have worked hard to achieve results for Tribune Media Group. I would prefer to leave on friendly terms and would like the opportunity to work something out. Please contact me to discuss this.


Sincerely,
Joey

{00113658.DOC \ 2}